J-A05020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIYLEE JONES | : | |
| | : | |
| Appellant | : | No. 2416 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 22, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003807-2018

BEFORE:   OLSON, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED:  APRIL 23, 2021**

Appellant Tiylee Jones appeals from the judgment of sentence imposed following his non-jury trial convictions for aggravated assault, possession of an instrument of crime, and simple assault.[1]  Appellant argues that the trial court erred in imposing court costs as part of his sentence without first holding a hearing to determine his ability to pay those court costs.  We affirm.

Because we write for the parties, we need not reiterate the factual and procedural background of this matter.  We note that at sentencing, Appellant requested that the trial court waive his court costs, and the trial court denied that request.  The trial court sentenced Appellant to an aggregate term of one-and-a-half to three years' incarceration followed by three years' probation.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(4), 907(a), and 2701(a), respectively.

The trial court also ordered Appellant to pay $1,535.00 in restitution and $756.25 in mandatory court costs. The trial court waived probation supervision fees. Appellant filed a timely notice of appeal and complied with Pa.R.A.P. 1925(b). The trial court filed a responsive opinion.

Appellant raises a single issue for our review: "Is not a defendant entitled to a determination at sentencing of whether costs should be reduced or waived based on his financial means and inability to pay?" Appellant's Brief at 3.

Appellant and the Commonwealth both argue that the trial court erred in imposing court costs without first considering Appellant's ability to pay them. *Id.* at 6-19; Commonwealth's Brief at 5-14. The parties contend that Pa.R.Crim.P. 706(C) requires a determination at sentencing of whether a defendant is able to pay costs. Appellant's Brief at 6-17; Commonwealth's Brief at 5-11. Appellant also claims that 42 Pa.C.S. § 9728(b.2) requires an ability-to-pay hearing, and if the defendant is unable to pay court costs, those costs should be reduced or waived. Appellant's Brief at 17-18. Both Appellant and the Commonwealth request that the trial court's order imposing costs be vacated and that this matter be remanded to the trial court for a determination of Appellant's ability to pay court costs. *Id.* at 19; Commonwealth's Brief at 14.

This Court has held that a claim contesting the authority of the sentencing court to impose costs and fees constitutes a non-waivable challenge to the legality of the sentence. ***Commonwealth v. Childs***, 63 A.3d

- 2 -

323, 325 (Pa. Super. 2013). "A claim that the trial court imposed an illegal sentence is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo*." ***Id.***

Recently, an *en banc* panel of this Court considered this same issue and held that "while a trial court has the discretion to hold an ability-to-pay hearing at sentencing, **Rule 706(C) only requires the court to hold such a hearing when a defendant faces incarceration for failure to pay court costs previously imposed on him.**" ***Commonwealth v. Lopez***, \_\_\_ A.3d \_\_\_, 2021 PA Super 51, 2021 WL 1096376 at *1 (Pa. Super. filed Mar. 23, 2021) (*en banc*) (emphasis added).[2]  In ***Lopez***, the trial court revoked the defendant's probation. ***Id.***  At resentencing, the defendant requested that the trial court conduct an ability-to-pay hearing prior to imposing court costs. ***Id.*** After the trial court denied the defendant's request to hold an ability-to-pay hearing and imposed mandatory court costs, the defendant appealed. ***Id.***

On appeal, this Court rejected the defendant's arguments that Rule 706(C) and related statutes, such as 42 Pa.C.S. § 9728(b.2), require the trial court to conduct an ability-to-pay hearing before imposing court costs. ***Id.*** at *4.  Further, the ***Lopez*** Court concluded that

> the trial court did not err in denying [the defendant's] motion for [an] ability-to-pay hearing.  Although the [trial] court had the discretion to consider that motion at sentencing, it was not required to do so by Rule 706 because [the defendant] had not

---

[2] The parties correctly noted that this issue was pending before the *en banc* panel at the time the briefs were filed.  ***See*** Appellant's Brief at 7; Commonwealth's Brief at 13.

yet been threatened with incarceration as a result of a default. Should that occur, [the defendant] will be entitled to an ability-to-pay hearing pursuant to Rule 706 at that time.

*Id.* at *5 (some formatting altered).

Here, the trial court stated that it properly imposed court costs at sentencing without first holding an ability-to-pay hearing. **See** Trial Ct. Op., 6/22/20, at 3-4.

Appellant does not argue that he is facing incarceration for failing to pay previously imposed court costs. Therefore, pursuant to **Lopez**, under Rule 706, the trial court could exercise its discretion to hold an ability-to-pay hearing before imposing court costs as part of Appellant's sentence, but it was not required to do so. **See Lopez**, 2021 WL 1096376 at *4-5. Accordingly, the trial court did not err in denying Appellant's hearing request. **See id.** For these reasons, finding no trial court error, we are constrained to conclude that Appellant is not entitled to relief on this claim. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/21